DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Karl F. Broud, appeals the judgment of the Lorain County Court of Common Pleas that ordered the disbursement of funds on deposit with the Lorain County Clerk of Courts to Appellee, the Ohio Department of Taxation. We reverse.
 {¶ 2} This matter arises from a delinquent tax assessment against Mr. Broud that dates to the mid-1990s. The facts underlying that assessment — and Mr. Broud's opposition to it — are not part of the record for purposes of this appeal. In 1995, however, it appears that the assessment became final, was reduced to *Page 2 
judgment, and a judgment lien procured by the Department of Taxation. In 1999, the Department began a series of attempts to garnish Mr. Broud's property to satisfy the assessment. These attempts involved various banks, including First Merit in 1999 and KeyBank, National City Bank, and Bank One in 2001. Mr. Broud disputed each of the 2001 notices of garnishment on the basis that he did not owe the underlying assessment. The record does not reflect the outcome of his disputes.
 {¶ 3} On November 2, 2006, the Department filed another affidavit in support of garnishment of Mr. Broud's funds, this time requesting those on deposit with Lorain National Bank. It appears from the documents in the record that Lorain National Bank withheld funds from Mr. Broud's account and deposited $715.67 with the clerk of the trial court. Again, Mr. Broud disputed the garnishment and requested a hearing. The hearing was continued twice by agreement of the parties, but the record contains no further mention of the hearing. On April 30, 2007, the Department moved for the disbursement of funds on deposit as a result of the garnishment, maintaining that the portion of funds attributable to Mr. Broud's pension income was not exempt from garnishment. Mr. Broud filed a brief in opposition to the disbursement. The trial court granted the Department's motion on May 30, 2007, and ordered the Clerk of Courts to disburse $458.91 to the Department. Mr. Broud timely appealed. His two assignments of error are addressed in reverse order. *Page 3 
 ASSIGNMENT OF ERROR II "The trial court erred to the prejudice of [Mr. Broud], and in violation of ORC 2716.13(C), when it failed to hold a hearing upon [Mr. Broud's] timely request."
 {¶ 4} R.C. 2329.66(A)(10)(b) provides that certain property is exempt from garnishment, including pension or annuity income except "to the extent reasonably necessary for the support of the person and any of the person's dependents." The applicability of this section is one matter that may be addressed in a hearing conducted pursuant to R.C.2716.13(C)(2), which describes the procedure by which a judgment debtor may request a hearing on garnishment of property other than personal earnings:
 "The judgment debtor may receive a hearing in accordance with this division by delivering a written request for hearing to the court within five business days after receipt of the notice provided pursuant to division (C)(1) of this section. The request may set forth the judgment debtor's reasons for disputing the judgment creditor's right to garnish the money, property, or credits, other than personal earnings; however, neither the judgment debtor's inclusion of nor failure to include those reasons upon the request constitutes a waiver of any defense of the judgment debtor or affects the judgment debtor's right to produce evidence at the hearing. If the request is made by the judgment debtor within the prescribed time, the hearing shall be limited to a consideration of the amount of money, property, or credits, other than personal earnings, of the judgment debtor in the hands of the garnishee, if any, that can be used to satisfy all or part of the debt owed by the judgment debtor to the judgment creditor. If a request for a hearing is not received by the court within the prescribed time, the hearing scheduled pursuant to division (A) of this section shall be canceled unless the court grants the judgment debtor a continuance in accordance with division (C)(3) of this section." *Page 4 
Although R.C. 2716.13(C)(2) states that a judgment debtor "may request a hearing," the balance of the statute indicates that the discretionary nature of this language refers to the judgment debtor's option to request a hearing rather than the trial court's obligation to conduct a hearing once a request is made. Pursuant to R.C. 2716.13(A), a hearing must be scheduled within twelve days, subject to cancellation according to R.C. 2716.13(C)(2) if the judgment debtor does not, in turn, request a hearing. R.C. 2716.13(C)(1)(a) presumes that a hearing will be conducted upon request of the judgment debtor, and the notice required therein contains the following warning:
 "WARNING: IF YOU DO NOT DELIVER THIS REQUEST FOR HEARING OR A REQUEST IN A SUBSTANTIALLY SIMILAR FORM TO THE OFFICE OF THE CLERK OF THIS COURT WITHIN FIVE (5) BUSINESS DAYS OF YOUR RECEIPT OF IT, YOU WAIVE YOUR RIGHT TO A HEARING AND SOME OF YOUR MONEY, PROPERTY, OR CREDITS, OTHER THAN PERSONAL EARNINGS, NOW IN THE POSSESSION OF (GARNISHEE'S NAME) WILL BE PAID TO (JUDGMENT CREDITORS NAME) TO SATISFY SOME OF YOUR DEBT TO (JUDGMENT CREDITORS NAME)."
Once a judgment debtor has requested a hearing, as provided by R.C.2716.13(C)(2), therefore, the hearing scheduled by the trial court pursuant to R.C. 2716.13(A) must be held.
 {¶ 5} The parties in this case agree that Mr. Broud requested a hearing; that the trial court continued the hearing twice; and that no hearing was ever held. The Department maintains that the parties agreed to submit written briefs in lieu of a hearing during a telephone conference on April 30, 2007. Consequently, *Page 5 
according to the Department, "[t]he trial court did not fail to conduct a hearing in this matter. Rather * * * the trial court accommodated the agreement of the parties." The record, however, does not substantiate the Department's version of the facts. There is no reference in the record of an affirmative waiver by Mr. Broud of his right to a hearing under R.C. 2716.13(C)(2). Because our review is limited to facts contained within the record, we have no choice but to conclude that the trial court did not conduct a hearing pursuant to Mr. Broud's request, as required by R.C. 2716.13(C)(2). Mr. Broud's second assignment of error is sustained.
 ASSIGNMENT OF ERROR I "The trial court abused its discretion by ordering the disbursement to [the Department] of funds on deposit with the clerk of courts as a result of the garnishment of [Mr. Broud's] bank account."
 {¶ 6} Our disposition of Mr. Broud's second assignment of error renders his first assignment of error moot. See App.R. 12(A).
 {¶ 7} Mr. Broud's second assignment of error is sustained. The judgment of the trial court is reversed, and this matter is remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 The Court finds that there were reasonable grounds for this appeal. *Page 6 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
 MOORE, P. J. WHITMORE, J. CONCUR *Page 1